UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| REC SOFTWARE USA, INC., a Virginia corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE USA, INC., a Texas corporation; and HUAWEI TECHNOLOGIES USA, INC., a Texas corporation; and FUTUREWEI TECHNOLOGIES, INC., a Texas corporation,<br><br>Defendants. | NO. 2:14-cv-01050-MJP<br><br>DEFENDANTS' ANSWER AND COUNTERCLAIMS<br><br>JURY DEMAND |

Defendants Huawei Device USA, Inc., Huawei Technologies USA, Inc., and Futurewei Technologies, Inc., (the "Huawei Defendants") deny the allegation in REC SOFTWARE USA, INC. ("REC" or "Plaintiff")'s Complaint unless expressly admitted in the following paragraphs. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions characterizations, implications, or speculations that may arguably follow from the admitted facts. Subject to the foregoing, the Huawei Defendants admit, deny, and aver for their Answer and Counterclaims as follows:

DEFENDANTS' ANSWER AND COUNTERCLAIMS - 1
NO. 2:14-cv-01050-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## NATURE OF THE ACTION

1. Huawei Defendants admit that REC purports to state a patent infringement action of U.S. Patent No. 5,854,936 (the "'936 Patent"). Huawei Defendants deny the remaining allegations of this paragraph.

## PARTIES

2. Huawei Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph, and therefore deny them.

3. Huawei Defendants admit that Huawei Device USA Inc. ("HDUSA") is a corporation organized and existing under the laws of the state of Texas, with its principal place of business located at 5700 Tennyson Parkway, Suite 600, Plano, Texas, 75024. HDUSA admits that it has a registered agent for service of process, CT Corporation System. Huawei Defendants deny the remaining allegation of this paragraph.

4. Huawei Defendants admit that Huawei Technologies USA, Inc. ("HTUSA") is a corporation organized and existing under the laws of the state of Texas. Huawei Defendants deny the remaining allegation of this paragraph.

5. Huawei Defendants admits that Futurewei Technologies, Inc. ("FTT") is a corporation organized and existing under the laws of the state of Texas. Huawei Defendants deny the remaining allegation of this paragraph.

## JURISDICTION AND VENUE

6. Huawei Defendants admit that the Complaint purports to state claims arising under the patent laws of the United States, Title 35 of the United State Code, 35 U.S.C. §§ 271 and 281. Huawei Defendants deny the remaining allegation of this paragraph.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

7. Denied.

8. For this action, Huawei Defendants will not contest the subject matter jurisdiction in this Court. Huawei Defendants deny the remaining allegation of this paragraph.

## COUNT 1

## INFRINGEMENT OF THE '936 PATENT

9. Huawei Defendants incorporate herein by reference the foregoing responses of Paragraph 1 – 8.

10. Huawei Defendants admit that on its face, the '936 Patent was issued by U.S. Patent and Trademark Office on December 29, 1998. Huawei Defendants deny the remaining allegations of this Paragraph.

11. Huawei Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of whether the Plaintiff is the exclusive licensee of the '936 Patent, and therefore deny them. Huawei Defendants deny the remaining allegations of this Paragraph.

12. Denied.

13. Denied.

## JURY DEMAND

Huawei Defendants deny all allegations that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, or any other relief. Plaintiff's jury demand does not require a response from Huawei Defendants. To the extent that Plaintiff's jury demand is deemed to require a response, Huawei Defendants admit that the Complaint contains a request for a jury trial. Huawei Defendants deny that Plaintiff is entitled to a jury on any claim that requests

DEFENDANTS' ANSWER AND COUNTERCLAIMS - 3
NO. 2:14-cv-01050-MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

equitable remedies, for which no jury is required. Huawei Defendants further deny any remaining request and/or allegations in this paragraph.

## PRAYER FOR RELIEF

Huawei Defendants deny all allegations that Plaintiff is entitled to any of the relief in its Prayer for Relief, or any other relief. Huawei Defendants specifically deny that they have infringed any claim of the '936 Patent under any theory. Plaintiff's request shall, therefore, be denied in its entirety and with prejudice, and Plaintiff shall take nothing from its Complaint.

## AFFIRMATIVE DEFENSES

Huawei Defendants allege and assert the following defenses in response to the allegation of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Huawei Defendants reserve the right to amend its Answer, including asserting additional defenses and counterclaims once discovery progresses. Huawei Defendants' Affirmative Defenses are listed below:

### First Affirmative Defense

### (Invalidity)

One or more claims of the '936 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United State Code, including without limitation, §§ 101, 102, 103, and 112, as well as the applicable provisions of Title 37 of the Code of Federal Regulations.

DEFENDANTS' ANSWER AND COUNTERCLAIMS - 4
No. 2:14-cv-01050-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## Second Affirmative Defense

### (Non-infringement)

Huawei Defendants do not infringe or have not infringed under any theory (including directly, jointly, contributory, or by inducement) any valid and enforceable claim of the '936 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

## Third Affirmative Defense

### (Equitable Doctrine)

Plaintiff's claims are barred or limited to the extent they conflict with any applicable principles of equity including, without limitation, equitable estoppel, laches and/or unclean hands.

## Fourth Affirmative Defense

### (Failure to State a Claim)

Plaintiff fails to state a claim against Huawei Defendants upon which relief may be granted. Huawei Defendants have not performed any act or thing that are not proposing to perform any act or thing in violation of any rights validly belonging to Plaintiff. Furthermore, Plaintiff has failed to set forth with sufficient specificity Plaintiff's claim that Huawei Defendants infringe the '936 Patent.

## Fifth Affirmative Defense

### (Limitation on Damages)

Plaintiff's recovery for alleged infringement, if any, is limited to any alleged infringement committed no more than six years prior to the filing of the Complaint, pursuant to

DEFENDANTS' ANSWER AND COUNTERCLAIMS - 5
No. 2:14-cv-01050-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

35 U.S.C. § 286. By asserting this affirmative defense, Huawei Defendants do not assume any burden of proof.

### Sixth Affirmative Defense

### (Prosecution History Estoppel)

Plaintiff is estopped from asserting the claims of the '936 Patent by application of the doctrine of equivalents because of admissions or statements made to the United States Patent and Trademark Office during the prosecution and/or reexamination of the applications leading to the issuance of the '936 Patent or applications (including their foreign patent applications) related thereto.

### Seventh Affirmative Defense

### (Reservation of Rights)

Huawei Defendants expressly reserve the right to allege and assert additional defenses.

### HUAWEI DEVICE USA INC.'S COUNTERCLAIM TO REC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Huawei Device USA, Inc., ("HDUSA") hereby asserts the following counterclaims against counterclaim Defendant REC SOFTWARE USA INC. ("REC").

### PARTIES

1. Huawei Defendants incorporate herein by reference the foregoing responses of Paragraph 1- 15.

2. Counterclaim Plaintiff Huawei Device USA, Inc. is a corporation organized under the state law of Texas, with a principal place of business 5700 Tennyson Parkway, Suite 600, Plano, TX 75024.

DEFENDANTS' ANSWER AND COUNTERCLAIMS - 6
No. 2:14-cv-01050-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

3. Counterclaim Defendant REC alleged in Paragraph 2 of its Complaint filed on July 11, 2014 in this Court (2:14-cv-01050) (the "Complaint"), that REC is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in Arlington, Virginia.

## COUNTERCLAIM JURISDICTION AND VENUE

4. These counterclaims for declaratory judgment of invalidity and non-infringement of the U.S. Patent No. 5,854,936 (the "'936 Patent") arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Act of the United States, 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 102 and 103. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. REC has submitted to personal jurisdiction of this Court by, *inter alia*, bringing the present action by its Complaint.

6. Subject to HDUSA's affirmative defenses and denials, venue over these counterclaims may lie in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 (b) because, *inter alia*, REC brought its Complaint for infringement of '936 Patent in this Court.

7. An actual case or controversy between the Parties exists because REC alleges, where HDUSA denies, to be the exclusive licensee of the '936 Patent, with all substantial rights with respect to the '936 Patent. REC also has alleged and is alleging infringement of the '936 Patent.

DEFENDANTS' ANSWER AND COUNTERCLAIMS - 7
No. 2:14-cv-01050-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## COUNT ONE

### (Declaratory Judgment of Invalidity of U.S. Patent No. 5,854,936)

8. HDUSA repeats and re-alleges the allegations and averments set forth in Paragraph 1-7 of these Counterclaims.

9. An actual and justiciable controversy exists between HDUSA and REC as to the invalidity of the claims of the '936 Patent, as evidenced by REC's Complaint and HDUSA's Answer and Defenses to REC. Absent a declaration of invalidity, REC will continue to wrongfully allege infringement of the '936 Patent against HDUSA, and thereby cause HDUSA irreparable injury and damage.

10. Each claim of the '936 Patent is invalid under the provisions of Title 35, United States Code, including but not limited to Sections 101, 102, 103 and/or 112.

11. HDUSA is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the '076 patent are invalid.

12. This is an exceptional case entitling HDUSA to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT TWO

### (Declaratory Judgment of Non-infringement of U.S. Patent No. 5,854,936)

13. HDUSA repeats and re-alleges the allegations and averments set forth in Paragraph 1-12 of these Counterclaims.

14. An actual and justiciable controversy exists between HDUSA and REC as to the non-infringement of the claims of the '936 Patent, as evidenced by REC's Complaint and HDUSA's Answer and Defenses to REC. Absent a declaration of non-infringement, REC will

DEFENDANTS' ANSWER AND COUNTERCLAIMS - 8
No. 2:14-cv-01050-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

continue to wrongfully allege infringement of the '936 Patent against HDUSA, and thereby cause HDUSA irreparable injury and damage.

15. HDUSA has not infringed any valid and enforceable claim or claims of the '936 Patent in any manner.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, HDUSA requests a declaration by the Court that it does not infringe any valid and enforceable claim of the '936 Patent under any theory.

17. This is an exceptional case entitling HDUSA to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## JURY DEMAND

HDUSA hereby demands trial by jury for all issues so triable in connection with HDUSA's Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, HDUSA prays for judgment for a declaration and judgment against Plaintiff and Counterclaim-defendant REC as follows:

A. That the claims of the '936 Patent are invalid;

B. That HDUSA has not infringed and is not infringing under any theory any valid claim of the '936 Patent that may be enforceable.

C. That claims of REC's Complaint be dismissed with prejudice;

D. That the Court find that this case is an exceptional case under 35 U.S.C. § 285 and that REC be required to pay costs of suit that HDUSA has incurred, including attorneys' fees,

DEFENDANTS' ANSWER AND COUNTERCLAIMS - 9
No. 2:14-cv-01050-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

expenses, and costs, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

  E. That HDUSA be awarded such other and further relief as the Court may deem just and appropriate.

  DATED this 3rd day of October, 2014.

        **GORDON TILDEN THOMAS & CORDELL LLP**
        Attorneys for Defendants

       By *s/Franklin D. Cordell*
        Franklin D. Cordell, WSBA #26392
        Jeffrey M. Thomas, WSBA #21175
        1001 Fourth Avenue, Suite 4000
        Seattle, Washington 98154
        Telephone: (206) 467-6477
        Facsimile: (206) 467-6292
        Email: fcordell@gordontilden.com
        Email: jthomas@gordontilden.com

DEFENDANTS' ANSWER AND COUNTERCLAIMS - 10
No. 2:14-cv-01050-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following.

Counsel for Plaintiff

Timothy S. DeJong, WSBA #20941
Stoll Stoll Berne Lokting & Shlachter P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
tdejong@stollberne.com

    s/ *Franklin D. Cordell*
Franklin D. Cordell, WSBA #26392

DEFENDANTS' ANSWER AND COUNTERCLAIMS - 11
No. 2:14-cv-01050-MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292